533 So.2d 826 (1988)
Holt Roosevelt KNOTTS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2029.
District Court of Appeal of Florida, First District.
October 14, 1988.
Rehearing Denied December 1, 1988.
Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
*827 ERVIN, Judge.
Appellant Knotts seeks review of his manslaughter conviction and the imposition of a departure sentence. We affirm as to all points raised.
First, we disagree with appellant's contention that the lower court's admission of certain threats and offers of gifts made by appellant to others following his arrest for the instant offense was erroneous. Such testimony was clearly relevant in that it related to appellant's attempts to suborn perjury. As stated in Sireci v. State, 399 So.2d 964, 968 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982), evidence that an accused "in any manner endeavors to evade a threatened prosecution by any ex post facto indication of a desire to evade prosecution is admissible against the accused where the relevance of such evidence is based on consciousness of guilt inferred from such actions."
Appellant also contends that the trial court erred in allowing testimony of two co-felons, one of whom testified that he had pled guilty to second degree murder and received a 40-year sentence, the other testifying that he pled guilty to conspiracy to commit first degree murder in connection with the same incidents for which appellant was charged. Appellant also contends that a mistrial was warranted when his ex-wife stated that appellant's first wife had been shot and died, although appellant was not named as the perpetrator of the homicide. We agree the admission of such evidence was error, but we do not agree that it warrants reversal.
We have reviewed the harmless error test as stated in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), and most recently in State v. Lee, 531 So.2d 133 (Fla. 1988). We find from our review of the record that the state met its burden of satisfying the harmless error test, i.e., that the state has demonstrated "beyond a reasonable doubt that the error complained of did not contribute to the verdict," or "that there is no reasonable possibility that the error contributed to the conviction." Lee, 531 So.2d at 136, citing DiGuilio, 491 So.2d at 1135.
We also reject the argument relating to the guideline error, i.e., that the trial court unlawfully departed from the guideline range, because both reasons given for departure were invalid. The first reason was that the appellant had threatened witnesses. This is a valid reason for departure. See Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984) (threats made by defendant to victim's father were legitimate reason for departure); and Walker v. State, 496 So.2d 220 (Fla. 3d DCA 1986) (defendant's threats to victim and witness justified departure). The second reason given was that appellant had four burglary convictions which were 30 years old and therefore were not scored as prior offenses on appellant's scoresheet. This too is a valid reason for departure. See Weems v. State, 469 So.2d 128 (Fla. 1985) (extensive juvenile record which could not be considered in calculating the applicable sentence could be a valid reason for departure); Smith v. State, 515 So.2d 182 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1249, 99 L.Ed.2d 447 (1988) (departure sentence based in part upon defendant's unscored juvenile adjudication in 1960 and unscored murder conviction in 1966 was valid).
AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.