Joseph REDMAN, Petitioner–Appellant,

v.

Richard L. DUGGER, et al.,
Respondents–Appellees.

No. 87–5639
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 21, 1989.

Joseph Redman, Avon Park, Fla., pro se.

John Tiedemann, Asst. Atty. Gen., West Palm Beach, Fla., for respondents-appellees.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Joseph Redman, a Florida prisoner serving consecutive 99–year and 15–year sentences for second degree murder and aggravated battery, appeals from the denial of his writ of habeas corpus. He raised four grounds for relief: (1) that he was denied his right to serve as co-counsel during his trial; (2) insufficiency of the evidence; (3) that the state lost or suppressed evidence; and (4) that the judge erred in not instructing the jury on a lesser included offense. The district court referred the case to a magistrate who found that there was no need for an evidentiary hearing and recommended that the petition be denied. The magistrate rejected all claims on the merits and in addition found that petitioner had procedurally defaulted claim III by not raising it on direct appeal. The district court adopted the magistrate's recommendation and denied the petition and the petitioner appealed.[1] Although we disagree that claim III was procedurally barred, we affirm the denial of habeas corpus on the merits.

## FACTS

Joseph Redman walked into the office of Delevoe Realty Company in Fort Lauderdale, Florida on April 18, 1977, to collect money owed to him by Mr. and Mrs. Delevoe for maintenance work. When Mrs. Delevoe told him the check was in the mail, Redman and Mr. Delevoe exchanged hostile words. Redman then stepped outside momentarily but returned and pulled out a revolver that had been concealed under his shirt. A struggle then ensued and Mrs. Delevoe was shot in the arm and Mr. Delevoe was fatally wounded.

Mrs. Delevoe and an eyewitness, Mr. Lyon, who was inside the office and eventually apprehended Redman, testified at trial. They both testified that Redman be-

came more and more angry when the Delevoes would not pay him his money. Redman testified on his own behalf and stated that he carried the gun for protection in general and not for the purpose of killing Delevoe, although he felt threatened by Delevoe that day. He testified that the gun went off accidentally when Delevoe jumped on him.

After conviction, Redman waived his right to appellate counsel and appealed his conviction pro se. He raised three issues on appeal: (1) insufficient evidence; (2) error in jury instructions as to lesser included offense and (3) a sentencing error. The conviction was affirmed without opinion. *Redman v. State,* 367 So.2d 1141 (Fla.Dist. Ct.App.1979). After this point, the procedural history becomes complicated, but only a limited amount of the history is of any significance to this appeal.

Redman filed a motion to vacate sentence in the trial court under Rule 3.850, arguing that he was denied his right to act as co-counsel at his trial. The trial court dismissed the petition without opinion. Redman then filed his first federal habeas corpus petition alleging the four grounds alleged in this petition. The district court found that claim III had not been exhausted and therefore dismissed the entire petition. Redman then filed a second 3.850 motion in the trial court raising this issue. The trial court denied the petition and the Fourth District Court of Appeals affirmed the denial holding that the issue was "raised and disposed of on direct appeal." *Redman v. State,* 425 So.2d 131 (Fla.Dist. Ct.App.1982). Petitioner then refiled his federal habeas corpus petition which is the subject of this appeal.

## ISSUES

We agree with the magistrate's report that none of the issues raised has merit. The magistrate correctly concluded that petitioner's claim that he was denied the right to act as co-counsel does not state

1. The state argues that the petitioner raises issues in his appeal that were not presented to the district court. Although the petitioner does raise issues relating to the procedure used by the magistrate, when liberally construing the relevant pleadings, we find that the petitioner essentially challenged the findings of the magistrate in the district court and on appeal.

a claim cognizable in federal habeas corpus. *See McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122 (1984) (no constitutional right to "hybrid representation"). Similarly, the failure to instruct the jury on the lesser included offenses of the crimes charged was not a violation of due process. *Perry v. Smith*, 810 F.2d 1078, 1080 (11th Cir.1987).

■ Petitioner has also challenged the sufficiency of the evidence. The test for sufficiency of the evidence is whether any rational trier of fact could have found the elements of a crime beyond a reasonable doubt, when viewing the evidence in the light most favorable to the government. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In this case, petitioner was convicted of second degree murder for the death of Mr. Delevoe and aggravated battery for the shooting of Mrs. Delevoe. In Florida, second degree murder does not require premeditation, but only requires a depraved mind. Fla.Stat § 782.04(2). A depraved mind is shown when the victim is killed out of malice, ill will, hatred, spite and evil intent. *Manuel v. State*, 344 So.2d 1317 (Fla.Dist.Ct.App.1977). Aggravated battery is the commission of a battery with a deadly weapon or with the intent to cause great bodily harm. Fla.Stat § 784.045.

■ The trial transcript discloses uncontradicted testimony that the shootings took place after a somewhat heated argument and struggle for the gun. This testimony could lead a rational juror to find that the shooting was the result of the defendant's ill will and malice toward the victim. Additionally, it clearly establishes the elements of aggravated battery. The petitioner's testimony that the gun shots were accidental does not change this result. The weigh-

ing of credibility is the province of a jury, not a federal court on habeas review as long as a rational juror could have found the defendant guilty beyond a reasonable doubt.

■ The final claim raised by the petitioner is that he was denied due process because the state either lost, destroyed, or suppressed favorable evidence. Liberally construing the petition, it alleges that the state (1) allowed Mrs. Delevoe to destroy or alter evidence at the crime scene; (2) either lost or suppressed the gun holster; (3) failed to preserve fingerprint evidence on the gun and failed to test the victim for gunpowder residue; and (4) refused to admit "favorable evidence" such as the results of a gunpowder residue test done on the petitioner and the arrest record of the victim. We agree with the magistrate who found that each of these claims were without merit, but disagree that they were procedurally defaulted. The state court did not apply a procedural bar, but rather held that it would not consider the merits of the claim in a 3.850 motion because the claim had already been considered on direct appeal. *Redman v. State*, 425 So.2d 131 (Fla. Dist.Ct.App.1982). Since the state court had previously addressed the claim on the merits, there is no procedural bar to the federal court considering the merits of the claim. *See Dobbert v. Strickland*, 718 F.2d 1518 (11th Cir.1983), *cert. denied*, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 887 (1984).[2]

■ Even liberally construing this pro se petition, it is unclear that petitioner has alleged sufficient facts to support a due process violation.[3] The petitioner's argument is based on the failure of the police and prosecution to preserve evidence. Recently, in *Arizona v. Youngblood*, —— U.S.

2. The only reason the claim was even presented in the second 3.850 motion was because the federal court had believed that the claim was unexhausted since the claim had not been sufficiently raised on direct appeal, even though the insufficiency of the evidence claim included these allegations and cited *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Florida court clearly thought that the claim had been adequately presented on direct appeal.

3. For example, the petitioner merely conclusorily alleges that Mrs. Delevoe tampered with evidence. Although we liberally construe a pro se petition, the petitioner must allege some facts which are sufficient to find a violation. In this case, the petitioner has not alleged any specific evidence which might have been tampered with by Mrs. Delevoe.

——, ——, 109 S.Ct. 333, 336–337, 102 L.Ed.2d 281 (1988), the Supreme Court held that due process is only violated when a defendant can show *bad* faith on the part of the police who failed to preserve potentially useful evidence. We need not determine whether there was bad faith in this case, however, since we find that the evidence is not material. *See id.* 109 S.Ct. at 336 n. * (exculpatory value must be "apparent"). Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). The petitioner argues that this evidence was material because it would have supported a self-defense claim. Even assuming that the gun holster, fingerprint evidence, and results of a gunpowder residue test were relevant to a self-defense claim, there is no reasonable probability that the verdict would have been different. The evidence at most would have shown that the victim struggled for the gun, but the fact that there was a struggle for the gun was never disputed. This additional evidence, therefore, does not create a reasonable probability that the verdict would have been different.

■ Finally, the last part of this claim challenges the evidentiary rulings of the state trial judge. State evidentiary claims are only cognizable on federal habeas corpus review if the rulings render the state proceeding fundamentally unfair. *Boykins v. Wainwright,* 737 F.2d 1539, 1544 (11th Cir.1984), *cert. denied,* 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985). Fundamental fairness is violated when the evidence is "material in the sense of a crucial, critical, highly significant factor." *Id.* Based on our finding above, we hold that the results of the gunpowder test performed on the petitioner and the victim's arrest record were not material to this trial. We therefore find no error of constitutional magnitude in the rulings that excluded the evidence.

AFFIRMED.