**Wallace H. BONNER, Petitioner–Appellant,**

v.

**Arnold HOLT, Respondent–Appellee.**

No. 92–6646.

United States Court of Appeals, Eleventh Circuit.

July 25, 1994.

____

** In light of our holding, we also find it unnecessary to address Dominguez's additional claims.

Wallace H. Bonner, pro se.

Margaret A. Stone, Mobile, AL, for appellant.

James Evans, Atty. Gen. for State of Ala., Gilda Williams, Montgomery, AL, for appellee.

Before KRAVITCH, Circuit Judge, FAY and HENDERSON, Senior Circuit Judges.

KRAVITCH, Circuit Judge:

Wallace Bonner is an Alabama prisoner seeking relief pursuant to 28 U.S.C. § 2254. He appeals the district court's denial of his petition for a writ of habeas corpus. For the reasons stated below, we REVERSE and direct that the writ be issued on remand.

Bonner was charged with theft of property in the second degree for shoplifting several cartons of cigarettes from a grocery store. At trial he was found guilty and sentenced to life imprisonment under the Alabama Habitual Felony Offender Act. In his habeas petition Bonner raises three constitutional challenges to his conviction and sentence. We conclude that Bonner's Sixth and Fourteenth Amendment right to a trial by jury was violated when extrinsic evidence tainted the jury deliberations and that the error was not harmless. Therefore, we do not address Bonner's other claims.

The facts in this case are not in dispute. Bonner was tried in state court in Mobile, Alabama in 1988. After the presentation of the case, the jury began deliberations. The jury announced that it had reached a verdict and the foreperson read a verdict of guilt in the open courtroom. The trial judge, immediately following the reading of the verdict, adjudged Bonner guilty and asked the prosecutor, "Is the defendant a habitual offender?" The prosecutor responded in the affirmative and the defense counsel then asked for a poll of the jury. During the poll of the jury it became apparent that a unanimous verdict had not been reached. One of the jurors stated that she did not agree with the verdict of guilt.[1] The court then sent the jury back for further deliberations. Defense counsel moved for a mistrial based upon the fact that Bonner's status as an habitual offender had been revealed to the jury. The judge denied the motion and did not inquire into whether the jury had heard the remark or instruct the jurors to disregard the comment. The jury later returned a verdict of guilt.

The Alabama appellate courts summarily affirmed Bonner's conviction. He then filed a federal habeas corpus petition. The magistrate judge considering the petition held a hearing at which three jurors testified. Based upon the evidence produced at that hearing, the magistrate judge concluded that the jurors heard the statement that Bonner was an habitual offender and considered that statement during the second deliberation period. The magistrate judge, however, concluded that in light of the overwhelming evidence presented by the state, the error was harmless under the then prevailing standard of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The district court affirmed. We disagree.

■ The district court concluded that Bonner's Sixth Amendment right to a trial by jury was violated. The Sixth Amendment "guarantee of a trial by jury requires the jury verdict to be based on the evidence produced at trial." *United States v. Perkins,* 748 F.2d 1519, 1533 (11th Cir.1984) (citing *Turner v. Louisiana,* 379 U.S. 466, 472, 85 S.Ct. 546, 549–50, 13 L.Ed.2d 424 (1965) and *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961)). The state does not challenge the conclusion that a Sixth Amendment violation occurred in this case,

---

1. Alabama law requires a unanimous verdict in criminal cases. *Carter v. State,* 103 Ala. 93, 15 So. 893 (1894).

but argues that the error was harmless. Harmless error is a mixed question of law and fact subject to de novo review. *Jackson v. Dugger,* 931 F.2d 712, 717 (11th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 452, 116 L.Ed.2d 470 (1991).

■ Since the application of the *Chapman* harmless error standard by the district court, the Supreme Court has adopted a relaxed harmless error test for habeas corpus cases. Under the new standard, a petitioner is entitled to relief only if the error resulted in "actual prejudice." *Brecht v. Abrahamson,* — U.S. ——, ——, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993) (citing *United States v. Lane,* 474 U.S. 438, 449, 106 S.Ct. 725, 732, 88 L.Ed.2d 814 (1986)). Adopting the standard used for non-constitutional errors, the Supreme Court held that habeas relief is proper only when the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht,* — U.S. at ——, 113 S.Ct. at 1714 (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). We review the state's claim of harmless error under the standard announced in *Brecht.*

■ Initially we note that when the Supreme Court announced a new standard of review in habeas corpus cases, it did not alter the burden of proving error harmless, which remains with the government. *Brecht,* — U.S. at —— –—— and n. 1, 113 S.Ct. at 1723–24 and n. 1 (Stevens, J. concurring). Although the Chief Justice's opinion contains language that suggests that the habeas petitioner bears the burden of demonstrating that prejudice occurred, *see id.* at ——, 113 S.Ct. at 1722, nowhere is the issue explicitly addressed in the opinion. Further, the majority opinion in *Brecht* warns against treating as decided issues that are not squarely addressed by the Court. *Id.* at ——, 113 S.Ct. at 1718. Justice Stevens, who provided the fifth vote in *Brecht,* does address the issue, explaining in his concurring opinion that the government still bears the burden of proving that prejudice did not occur. *Id.* at —— –—— and n. 1, 113 S.Ct. at 1723–24

and note 1. Justice Stevens explains that under *Kotteakos,* "unless an error is merely 'technical,' the burden of sustaining a verdict by demonstrating that the error was harmless rests on the prosecution. A constitutional violation, of course, would never fall in the 'technical' category." *Id.* at ——, 113 S.Ct. at 1723–24 (Stevens, J., concurring) (footnote omitted). Thus, *Kotteakos* dictates that the state bear the burden of proving a constitutional error harmless. Additionally, the four dissenting Justices took the position that habeas corpus cases should be governed by the *Chapman* harmless error standard and therefore advocated the view that the government should bear the burden of proving errors harmless. *Id.* at —— ——, 113 S.Ct. at 1727–28 (White, J. dissenting, joined by Blackmun and Souter, JJ.); *id.* at —— – ——, 113 S.Ct. at 1729–30 (O'Connor, J. dissenting). Thus, five members of the Court concluded that the state bears the burden of demonstrating that error was not prejudicial. That is the law we must follow.[2]

■ Employing the standard enunciated in *Brecht,* we conclude that the district court erred in finding that the state demonstrated that Bonner was not prejudiced by the error in this case. The *Kotteakos* Court explained that the question is not whether the jurors were

> right in their judgment, regardless of the error or its effect upon the verdict. It is rather what effect the error had or reasonably may be taken to have had upon the jury's decision. The crucial thing is the impact of the thing done wrong on the minds of other[s] . . . in the total setting.

328 U.S. at 764, 66 S.Ct. at 1247–48. Under the highly unusual facts in this case, we are presented with compelling evidence that the error did influence the outcome of this case. When the jury first retired to deliberate, it did so prior to the error at issue. At the conclusion of the first session of deliberations, one juror was not convinced of Bon-

---

2. The Supreme Court has recently granted certiorari on this issue, *O'Neal v. Morris,* 3 F.3d 143 (6th Cir.1993), *cert. granted,* — U.S. ——, 114 S.Ct. 1396, 128 L.Ed.2d 70 (1994), to resolve a split in the circuits.

ner's guilt. At that point Bonner's status as an habitual offender was made known to and was considered by the jury. After that error occurred, the jury returned a unanimous verdict of guilt.[3] Under the *Kotteakos* reversible error analysis, courts are asked to speculate on the effect that an error had on the jury's decision. In other words, we must determine whether the results would have been different absent the error. In this case there were two sets of deliberations in which the only difference in the evidence before the jury was the evidence admitted in error. The jury was at first unable to reach a unanimous verdict, but in the second round of deliberations, in which the extrinsic evidence was considered, the jury returned a verdict of guilt. This presents strong evidence that the error in this case had a " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht,* — U.S. at ——, 113 S.Ct. at 1714 (quoting *Kotteakos v. United States,* 328 U.S. at 776, 66 S.Ct. at 1253).

Under the facts of this case, the state has failed to demonstrate that Bonner was not prejudiced by the error.[4] We therefore REVERSE the district court's denial of the petition for habeas corpus and REMAND the case for issuance of the writ.

---

**3.** There is nothing in the record that reveals the length of time that the jury deliberated in either the first or the second session of deliberations other than the fact that the unanimous verdict was returned on the same day that the trial began.

**4.** Reviewing a similar error, the Ninth Circuit, which places the burden of demonstrating prejudice on the petitioner, nevertheless concluded that juror exposure to inadmissable extrinsic information concerning a defendant's criminal record was reversible error under *Brecht. Jeffries v. Blodgett,* 5 F.3d 1180, 1190–91 (9th Cir.1993). The *Jeffries* court noted that extrinsic information concerning criminal conduct by the defendant was " 'directly related to a material issue in the case and highly inflammatory.' " *Id.* at 1190 (quoting *Dickson v. Sullivan,* 849 F.2d 403, 407 (9th Cir.1988)).