108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN T. CROWN, Petitioner-Appellant,
v.
PATRICIA L. CARUSO, Respondent-Appellee.
 No. 96-1239.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1997.
 
 W.D.Mich., No. 94-00047; Robert Holmes Bell, Judge.
 
 
 1
 W.D. Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: RYAN and DAUGHTREY, Circuit Judges; FRIEDMAN, District Judge.*
 
 ORDER
 
 4
 This pro se Michigan state prisoner appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 John T. Crown and two accomplices, Castelli and Hutch, participated in a burglary of a home on New Year's Eve, 1975, which resulted in the death of the owners, Mr. and Mrs. Olson. Crown was originally tried for the murders in 1975. At that time, Hutch was dead. Castelli testified under a grant of immunity that Crown gave him a handgun as they were preparing for the burglary. Castelli further testified that Crown was the triggerman or that he ordered the shooting. Crown was convicted of murdering both victims. However, the Michigan Court of Appeals vacated the felony-murder conviction for the death of Mrs. Olson due to an inconsistent jury verdict and affirmed the convictions with respect to Mr. Olson, but vacated one life sentence for double jeopardy reasons. See People v. Crown, 254 N.W.2d 843 (Mich.App.1977). In lieu of granting leave, the Michigan Supreme Court reversed Crown's remaining convictions and remanded the matter to the trial court for a new trial. See People v. Crown, 330 N.W.2d 851 (Mich.1983).
 
 
 6
 In 1984, Crown was retried for the murder of Mr. Olson only. On April 6, 1984, Crown was convicted of felony murder, which under Michigan law is a form of first degree murder. See Mich.Comp.Laws Ann. § 750.316. He was sentenced to life imprisonment without the possibility of parole. His conviction was affirmed on appeal.
 
 
 7
 After exhausting his state court remedies, Crown filed the present petition for a writ of habeas corpus, raising the following claims for relief:
 
 
 8
 1) That he was denied his constitutional right to confront a witness that testified against him at a former trial (the transcript of which was read to the jury in a subsequent trial), when the prosecutor failed to exercise "due diligence" in the production of such witness for the subsequent trial in which he was convicted.
 
 
 9
 2) That he was denied his constitutional right to confront a witness that testified against him, by the trial court's denial of petitioner's request to impeach said witness with felony convictions over ten years old.
 
 
 10
 3) That he was denied his constitutional right not to be deprived of due process of law, by the use of a jury instruction that, according to the petitioner, presumes guilt from knowledge of an accomplice's intent.
 
 
 11
 4) That he was denied his constitutional right not to be compelled to be a witness against himself, when the prosecutor asked him on cross-examination why he had not told his girlfriend that he had not shot the victims.
 
 
 12
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied as meritless. The district court adopted the magistrate judge's report and recommendation over Crown's objections. This appeal followed.
 
 
 13
 Upon review, we conclude that the district court properly denied Crown's petition for a writ of habeas corpus because Crown has not shown that the proceedings against him were fundamentally unfair. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 14
 We usually do not question errors in the application of state law, especially evidentiary rulings concerning the admission and exclusion of evidence, in habeas corpus proceedings. See Cooper v. Sowders, 837 F.2d 284, 287 (6th Cir.1988). We will grant federal habeas corpus relief where a violation of a state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. Id. "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical, highly significant factor.' " Leverett v. Spears, 877 F.2d 921, 925 (11th Cir.1989) (quoting Redman v. Dugger, 866 F.2d 387, 390 (11th Cir.1989)).
 
 
 15
 The Confrontation Clause was not violated when the trial court permitted the use of Castelli's prior testimony at Crown's second trial. Prior testimony may be introduced at trial where the witness is "unavailable" to testify and where the prior testimony bears "indicia of reliability." Mancusi v. Stubbs, 408 U.S. 204, 210-16 (1972). Before reported testimony can be used, however, the prosecution must demonstrate that they made a good faith effort to procure the attendance of the witness. Ohio v. Roberts, 448 U.S. 56, 74 (1980); United States v. Quinn, 901 F.2d 522, 527-28 (6th Cir.1990). In this case, the prosecution followed several leads into a number of states, all of which resulted in dead ends. Given the efforts by the police to locate Castelli, we conclude that the prosecution satisfied its burden of making a reasonable, good-faith attempt to locate Castelli. Therefore, the trial court properly permitted the use of Castelli's prior testimony at Crown's second trial.
 
 
 16
 Crown's Sixth Amendment right of confrontation of witnesses was not violated when he was not permitted to impeach Castelli with convictions more than ten years old. Crown enjoyed broad cross-examination of Castelli. He impeached Castelli's testimony by revealing that Castelli had been convicted in 1970 of escaping from prison. The necessary implication of that evidence is that Castelli had been convicted of at least one additional felony. Thus, the jury was not entirely deprived of the knowledge that Castelli had a criminal history. In any event, Castelli's old convictions were not of a type bearing directly on credibility, i.e., crimes involving dishonesty or false statement. See Mich.R.Evid. 609(a).
 
 
 17
 Crown's challenge to the jury instruction permitting the jury to convict him if it found that an accomplice possessed the necessary intent lacks merit. In order for habeas corpus to be warranted on the basis of incorrect jury instructions, a petitioner must show more than the instructions are undesirable, erroneous or universally condemned; taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. See Estelle v. McGuire, 502 U.S. 62, 72 (1991); Henderson v. Kibbe, 431 U.S. 145, 154 (1977).
 
 
 18
 The instruction at issue permitted the jury to convict Crown of felony murder as an aider and abettor only if it found that Crown assisted in the commission of the crime with intent, or knowledge of his principal's intent, to kill or to cause great bodily harm. No presumption of an element was required or suggested by the instruction. Nor did the instruction shift the burden of proof onto the defendant. The instruction did not permit conviction on the basis of true vicarious liability. See Sandstrom v. Montana, 442 U.S. 510, 523-24 (1979).
 
 
 19
 Finally, the prosecutor did not impermissibly comment on Crown's right to remain silent because by testifying Crown removed his Fifth Amendment privilege, and thus the prosecutor's remarks constituted a proper commentary upon Crown's pre-arrest silence. See Anderson v. Charles, 447 U.S. 404, 408 (1980) (per curiam); Jenkins v. Anderson, 447 U.S. 231, 238 (1980).
 
 
 20
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation