Kevin SWAIN, Petitioner,

v.

Harry K. SINGLETARY, Jr., Respondent.

No. 96–109–Civ–FtM–17D.

United States District Court, M.D. Florida, Ft. Myers Division.

Feb. 19, 1999.

---

Kevin Daniel Swain, Bowling Green, FL, petitioner pro se.

Erica Malca Raffel, Attorney General's Office, Dept. of Legal Affairs, Tampa, FL, for Warren W. Cornell, Superintendent DeSoto Correctional Institution, respondent.

## ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner challenges his conviction entered by the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, on April 1, 1991. After jury trial, Petitioner was convicted of armed robbery and was sentenced to nine years' incarceration with five years' consecutive probation.

Petitioner raises four grounds for habeas corpus relief in the present petition. Respondent filed a response to the petition alleging that several of Petitioner's ineffective assistance of counsel claims are procedurally barred. Petitioner filed a reply. The Court ordered Respondent to file a supplemental response, which he did.

A review of the record shows that, for the following reasons, Petitioner is not entitled to habeas corpus relief.

### Ground One

Petitioner alleges that he was denied the right to cross-examine state witnesses. In support, he alleges the following facts:

The trial court denied the petitioner the right to cross-examine state witnesses regarding their credibility during the course of the trial in chief. Angela Sweat had negotiated with state prosecution involving armed robbery charges, the facts of the plea agreement for impeachment was not permitted by the trial court. This witness was the sole

evidence against the petitioner and had the jury known of her motive to lie they would have found me not guilty of the armed robbery charges. This was a denial of my right to a fair trial under the Sixth and Fourteenth Amendments of the U.S. Constitution and the jury would have found me not guilty.

■ Generally, federal courts should not review a state trial judge's rulings with respect to the admissibility of evidence. *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir.1983). Even if the trial court's ruling was erroneous, Petitioner is not entitled to relief unless the violation rendered the trial fundamentally unfair. *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir.1989). The *Redman* case defined fundamental unfairness as that where the evidence is "material in the sense of crucial, critical [and a] highly significant factor." *Id. See also Bundy v. Dugger*, 850 F.2d 1402, 1422 (11th Cir.1988).

In certain instances, defense testimony or evidence should be admitted even though the testimony or evidence is otherwise inadmissible. *See Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) (recognizing the "right to present a defense, the right to present the defendant's version of the facts"); *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (holding that "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice"); *Boykins v. Wainwright*, 737 F.2d 1539, 1544 (11th Cir. 1984) (holding that where the sole defense was insanity, excluded testimony was material, a "crucial, critical [and] highly significant factor").

■ Evidentiary rulings are within the broad discretion of the trial judge, and will not be disturbed absent a clear abuse of that discretion. *Stano v. State*, 473 So.2d 1282 (Fla.1985), *cert. denied*, 474 U.S. 1093, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986). Petitioner has not shown that the

trial judge abused his discretion or that the evidentiary ruling rendered his trial fundamentally unfair.

On Sweat's direct examination, the prosecutor elicited the fact that Sweat had originally been charged with this robbery, but that the charge was dropped before Sweat had ever spoken with the prosecutor. (R 68–69) [1] She stated that no deals or promises had been made in exchange for her testimony against Petitioner. (R 69) She also stated that she had two prior felony convictions. (R 69) On cross-examination, defense counsel brought out the fact that Sweat currently had two pending felony charges. (R 71) The following then occurred:

> Q. And you also—you were charged with this crime?
> A. Yes, I was.
> Q. Which was punishable by life?
> A. By life?

(R 71) At that point, the prosecutor objected and, at a bench conference, the judge asked defense counsel what he was doing. (R 71) Defense counsel stated he was cross-examining the witness as to her motive and bias. (R 71) The judge advised defense counsel that "interjecting before the jury the penalty for this particular case is improper" and cautioned the attorney against doing it in the future. (R 71–72)

■ Since jurors are not to be made aware of the potential penalty in a particular case, unless it is a capital offense, the judge was correct in precluding defense counsel from questioning the witness as to the possible penalty for this offense. The judge told defense counsel that he could question Sweat about the fact that the crime was "a very serious crime," but should not have interjected the possible penalty. (R 71)

Even if the actual penalty which a particular witness faced is considered necessary to completely impeach that witness, the trial court did not unduly restrict such impeachment in this case. The record is clear that the witness responded, questioning, "By life?" indicating that she had not been aware of the potential penalty for robbery. (R 71) Since the charge of the instant robbery was dropped as to witness Sweat before she learned what penalty she might have been facing, and before she had talked to the prosecutor, it is clear that she testified truthfully that no deals or promises had been made in exchange for her testimony, and that the possible penalty for robbery was not relevant to her credibility.

■ A trial court may properly prohibit cross-examination of a state witness as to pending criminal charges when there is no indication that a deal regarding the charges has been made in exchange for the testimony. *Francis v. State,* 473 So.2d 672 (Fla.1985), *cert. denied,* 474 U.S. 1094, 106 S.Ct. 870, 88 L.Ed.2d 908 (1986). Since any motive to lie during Sweat's testimony was developed at trial and no charge against her was pending at the time of trial, any potential problem with restricting defense counsel's questioning of Sweat's knowledge of the penalty for the charge in this case would be harmless trial error.[2]

■ Petitioner is not entitled to habeas relief based on trial error unless ... it resulted in actual prejudice. *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353. Under *Brecht,* the proper inquiry is "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 1722 (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)).

"Trial error 'occur[s] during the presentation of the case to the jury,' and is amendable to harmless-error analysis because it 'may ... be quantitatively as-

---

1. Citations to the trial transcript will be designated by the letter "R" followed by page number. The trial transcript was filed as Doc. No. 9.

2. *See Sanchez v. State,* 537 So.2d 660 (Fla. 3d DCA 1989).

sessed in the context of other evidence presented in order to determine [the effect it had on the trial].'" *Brecht*, 113 S.Ct. at 1717. The state bears the burden of proving, under *Brecht*, that a trial error was not prejudicial. *Bonner v. Holt*, 26 F.3d 1081, 1083 (11th Cir.1994). *See O'Neal v. McAninch*, 513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). The state has met its burden of showing that any error at Petitioner's trial was not prejudicial.

Ground One does not warrant habeas corpus relief.

### Ground Two

Petitioner claims that he was denied the right to a fair trial when the prosecution introduced collateral crime evidence without notice to the Petitioner. In support, Petitioner alleges:

> The petitioner was denied the right to a fair trial when the trial court allowed the introduction of collateral crime evidence that the petitioner attempted to threaten and intimidate Gino Wilson from testifying against the petitioner. This was crucial evidence by the prosecution because the jury believed that the petitioner committed the crime charges against him, without this evidence the jury would have found the petitioner not guilty. This violated the petitioner's rights under the Sixth and 14 Amendment.

Petitioner challenges the trial court's allowance of testimony by the victim, Gino Wilson, that, after the crime, Petitioner approached Wilson at the State Attorney's Office and offered to reimburse Wilson $225 when Wilson indicated that he was not interested in prosecuting the case, and that Wilson only wanted his money back. (R 53–55)

 The general rule permits evidence of any facts indicating a defendant's desire to evade prosecution, such as threats or offers of gifts following his arrest, as such evidence is relevant to the defendant's consciousness of guilt. *Knotts v. State*, 533 So.2d 826 (Fla. 1st DCA 1988). Due to this relevance, the fact that such evidence suggests a collateral offense

by the accused is not improper. *Sireci v. State*, 399 So.2d 964 (Fla.1981), *cert. denied*, 456 U.S. 984(182), 102 S.Ct. 2257, 72 L.Ed.2d 862. The facts of this case fall squarely within this general rule, and therefore, Wilson's (the victim's) testimony of Petitioner's offer of money was properly admitted.

Ground Two does not warrant habeas corpus relief.

### Ground Three

Petitioner claims that there was insufficient evidence to convict him of the crime of armed robbery. In support, he alleges:

> The trial court denied the granting of a Motion for Judgment of Acquittal, when the evidence was insufficient to convict the petitioner for Armed Robbery. Under the proviso of Jackson v. Virginia, the petitioner is entitled to relief when no rational trier of facts could have found proof of guilt beyond a reasonable doubt.

 To satisfy the constitutional requirement of due process in a criminal trial, the state must prove beyond a reasonable doubt every fact that constitutes an essential element of the crime charged against the defendant. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). When considering the sufficiency of the evidence on review, the proper inquiry is not whether the reviewing court itself believes that the evidence established guilt beyond a reasonable doubt but "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citation omitted); *see also United States v. Thomas*, 987 F.2d 697 (1993); *Bishop v. Kelso*, 914 F.2d 1468, 1470 (11th Cir.1990). Moreover, the court will not reweigh the evidence. *Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. 2781.

 The trier of fact is responsible for fairly resolving conflicts in the testimo-

ny, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* Although the facts as they exist in the record may support opposing inferences, a federal habeas corpus court must presume that the jury resolved such conflicts in favor of the prosecution and against Petitioner. *See Heath v. Jones,* 863 F.2d 815, 820 (11th Cir.1989); *Machin v. Wainwright,* 758 F.2d 1431, 1435 (11th Cir.1985). In other words, the federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and weighing the evidence. *Heath v. Jones,* 863 F.2d at 820 (citing *Jackson, supra,* 443 U.S. at 326, 99 S.Ct. 2781).

██ A review of the testimony presented supports the jury's finding of guilt in this case. The victim herein testified that he was forced at gunpoint into a brown Cadillac, where he sat in the middle of the back seat between two black men. (R 39–41) The man of the left held a gun to his head, and told him to put his head down. (R 44–45) That man removed the victim's jewelry and retrieved money from the victim's pocket. (R 46) The victim recognized a female passenger in the front seat as Angela Sweat. (R 43) He also identified Petitioner in court as the man who approached him at the State Attorney's Office, admitted having been in the car with the people who robbed him, and offered him $225. (R 52–53)

Angela Sweat testified that she was in the car when Petitioner and another man forced Wilson into the back seat and took his jewelry. (R 63–65) She identified Petitioner in court as the person sitting behind the driver in the car. (R 59, 63) She stated that Petitioner was the one who fired a shot from the automobile after the victim exited the automobile, and that Petitioner and the other man in the back seat had split the proceeds of the robbery. (R 65–66)

On these facts, a rational trier of fact could have found the essential elements of the crime of robbery beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. 2781.

Ground Three does not warrant habeas corpus relief.

## Ground Four

Petitioner claims that his trial attorney was ineffective in violation of the Sixth Amendment to the United States Constitution. In support, Petitioner alleges:

My lawyer failed to object to prosecutor's improper remarks and leading questions on direct examination of witnesses for the prosecution, which tainted the jury trial, further my lawyer failed to make objections and preserve the record for errors on appeal, such as the failure to object to the erroneous instruction on "reasonable doubt" which required the jury to find me not guilty only "to the exclusion of and beyond a reasonable doubt." My lawyer refused to allow me to testify in my own defense at trial and told me that I did not have such a right, and that if I persisted in wanting to testify that I would have to get another lawyer. This violated my rights under the U.S. Constitution.

## Procedural Default

The following claims of ineffective assistance of counsel were found to be procedurally barred by the state trial court because Petitioner raised the claims in an untimely, successive Rule 3.850 motion for post-conviction relief:

My lawyer failed to make objections and preserve the record for errors on appeal, such as the failure to object to the erroneous instruction on "reasonable doubt" which required the jury to find me not guilty only "to the exclusion of and beyond a reasonable doubt"

and

My lawyer refused to allow me to testify in my own defense at trial and told me that I didn't have such a right, and that if I persisted in wanting to

testify that I would have to get another lawyer.

(See Respondent's Exhibit E, Order Denying Motion for Post–Conviction Relief, filed as an Exhibit to Doc. No. 7 on May 20, 1996.)

Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Presnell,* 835 F.2d 1567, 1580 (11th Cir.1988). "[W]here a state court correctly applies a procedural default principle of state law, *Sykes* requires the federal court to abide by the state court decision." *Harmon v. Barton,* 894 F.2d 1268, 1270 (11th Cir.), *cert. denied,* 498 U.S. 832, 111 S.Ct. 96, 112 L.Ed.2d 68 (1990). *Alderman v. Zant,* 22 F.3d 1541, 1549 (11th Cir.), *cert. denied,* 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994).

Petitioner alleges that he has established cause to overcome the procedural bar because he is proceeding pro se in federal court. Petitioner has not shown cause and prejudice to overcome the procedural bar.

### Cause and Prejudice

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). *McCoy v. Newsome,* 953 F.2d 1252, 1258 (11th Cir.), *cert. denied,* 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992).

■ Lack of legal education does not constitute cause to overcome procedural default. *Id.* "A pro se petitioner is not exempted from the cause and prejudice requirement of *Sykes.* He must still show either that an objective factor external to himself caused him to default his claim, or that the defaulted claim raises an issue that was 'intrinsically beyond [a] pro se petitioner's ability to present.' " *Id.* (citing *Harmon v. Barton,* 894 F.2d 1268, 1275 (11th Cir.1990)).

Petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings. *Harmon v. Barton,* 894 F.2d at 1275 (quoting *Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir.1989)).

■ Furthermore, Petitioner has no constitutional right to counsel in state post-conviction proceedings. "Where the State has no responsibility to ensure that the petitioner was represented by competent counsel ... it is the petitioner who must bear the burden of a failure to follow state procedural rules." *Coleman v. Thompson,* 501 U.S. at 754, 111 S.Ct. 2546 (1991). Thus, absent a constitutional guarantee to counsel, a state prisoner, whether counseled or not counseled, must accept responsibility for his procedural default.

### Fundamental Miscarriage of Justice

Furthermore, Petitioner has not shown that a fundamental miscarriage of justice will occur if this Court does not rule on the merits of his claims.

The ends of justice allows a court to excuse state procedural defaults, abuses of the writ, and successive claims when consideration is necessary to prevent a fundamental miscarriage of justice, *and* when the petition has made a colorable showing of factual innocence. *Burger v. Zant,* 984 F.2d 1129, 1135 (11th Cir.1993) (emphasis added) (citing *McCleskey v. Zant,* 499 U.S. 467, 495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)), *cert. denied,* 510 U.S. 847, 114 S.Ct. 141, 126 L.Ed.2d 104 (1993).

For a claim of actual innocence to be credible, claim requires habeas petition-

er asserting actual innocence in successive or abusive petition to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial.

*Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

In *Calderon v. Thompson,* 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998), the United States Supreme Court discussed the miscarriage of justice exception:

"[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." *Sawyer,* 505 U.S. at 339, 112 S.Ct. 2514. We have often emphasized "the narrow scope" of the exception. *Id.,* at 340, 112 S.Ct. 2514; accord, *Harris v. Reed,* 489 U.S. 255, 271, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (O'CONNOR, J., concurring) ("narrow exception" for the " 'extraordinary case' "). "To be credible," a claim of actual innocence must be based on reliable evidence not presented at trial. *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Given the rarity of such evidence, " 'in virtually every case, the allegation of actual innocence has been summarily rejected.' " *Ibid.*

*Calderon,* 118 S.Ct. at 1493.

### Remaining Ineffective Assistance of Counsel Claim

■■■■■ The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Counsel can deprive a defendant of the right to effective assistance simply by failing to render "adequate legal assistance." *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Boykins v. Wainwright,* 737 F.2d 1539, 1542 (11th Cir. 1984), *cert. denied,* 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985). The test of determining whether this benchmark has been met is two pronged. Petitioner must

show both ineffective assistance and resulting prejudice. *Smith v. Wainwright,* 741 F.2d 1248, 1254 (11th Cir.1984), *cert. denied,* 470 U.S. 1087, 105 S.Ct. 1853, 85 L.Ed.2d 150 (1985). The test was explained in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as follows:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

In applying the *Strickland* components,

[t]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.

*Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Smith v. Wainwright,* 777 F.2d 609, 616 (11th Cir.1985).

Under the performance component,

[t]he court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.

*Smith,* 777 F.2d at 616 (citing *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052).

Under the prejudice component,

[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.... When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt.

*Smith,* 777 F.2d at 616 (citing *Strickland,* 466 U.S. at 694–95, 104 S.Ct. 2052).

However, the prejudice prong is not established merely by a showing that the outcome of the proceeding would have been different had counsel's performance been better. Instead, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Trial counsel's advice "must be within the realm of competence demanded of attorneys representing criminal defendants." *Stano v. Dugger,* 921 F.2d 1125, 1151 (11th Cir.) (en banc), *cert. denied,* 502 U.S. 835, 112 S.Ct. 116, 116 L.Ed.2d 85 (1991).

 Furthermore, a court must be highly deferential when evaluating the performance of defense counsel, and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Every effort should be made to "eliminate

the distorting effects of hindsight, to reconstruct the circumstances of counsel's perspective at the time." *Id.*

"The Supreme Court has recognized that because representation is an art and not a science, [e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Waters v. Thomas,* 46 F.3d 1506 (11th Cir.) (en banc), *cert. denied,* 516 U.S. 982, 116 S.Ct. 490, 133 L.Ed.2d. 417 (1995) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052).

A strong presumption exists that the challenged action constitutes sound trial strategy. Courts therefore must review the reasonableness of counsel's assistance in light of the facts of the particular case at the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

*Chateloin v. Singletary,* 89 F.3d 749, 751 (11th Cir.1996).

Petitioner alleges that his trial attorney failed to object to leading questions. In his first Rule 3.850 motion, Petitioner cited to the questioning at pages 40, 45, 47, 60, 61, 63, 64, 68, 79 and 83 of the trial transcript as examples of improper questions. (See Respondent's Exhibit C, Motion for Post–Conviction Relief, Memorandum in Support, pp. 4–5, filed as an Exhibit to Doc. No. 7 on May 20, 1996.)

In its order denying the motion for post-conviction relief, the trial court found that the examples were "clearly out of context," and that, even if the examples were correct, "did not rise to the level of ineffective assistance of counsel."

A review of the record reveals that the questions asked and answers given were not leading and were not unconstitutionally prejudicial to Petitioner as they were questions posed to eyewitnesses regarding identification and were not questions upon which a valid objection could have been made. Therefore, counsel's decision not to object did not constitute ineffective assistance of counsel. Ground Four does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Petitioner's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Petitioner and to close this case.