*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0335P (6th Cir.)
File Name:  00a0335p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

JAMES H. BROWN, III,
       *Petitioner-Appellant/*
          *Cross-Appellee,*

      *v.*

MICHAEL O'DEA, Warden,
Eastern Kentucky
Correctional Complex,
       *Respondent-Appellee/*
         *Cross-Appellant.*

Nos. 97-6355/6425

Upon Remand by the Supreme Court of the United States.
No. 97-00030—William O. Bertelsman, District Judge.

Argued:  January 26, 1999

Decided and Filed:  September 22, 2000

Before:  MERRITT and MOORE, Circuit Judges;
DUGGAN, District Judge.*

_____

*The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

---

**COUNSEL**

**ARGUED:** Gail Robinson, McNALLY & O'DONNELL, Frankfort, Kentucky, for Appellant. Todd D. Ferguson, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL APPELLATE DIVISION, Frankfort, Kentucky, for Appellee. **ON BRIEF:** Gail Robinson, Kevin M. McNally, McNALLY & O'DONNELL, Frankfort, Kentucky, for Appellant. Todd D. Ferguson, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL APPELLATE DIVISION, Frankfort, Kentucky, for Appellee.

---

**OPINION**

---

PATRICK J. DUGGAN, District Judge. This case is before us on remand from the United States Supreme Court for further consideration in light of *Williams v. Taylor*, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). In *Brown v. O'Dea*, 187 F.3d 572 (6th Cir. 1999), we reversed the decision of the district court insofar as it concluded that Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 was procedurally barred, but ultimately affirmed the district court's dismissal of the petition on the merits, concluding that under the "reasonable jurist standard" previously adopted by this circuit, Petitioner was not entitled to habeas relief. *See id.* at 579, 580.

In *Williams v. Taylor*, however, the Supreme Court specifically rejected the "reasonable jurist" standard, in favor of an "objectively unreasonable" standard. *Id.* at 1521-22. According to the Supreme Court:

---

Accordingly, we are satisfied that Petitioner is not entitled to habeas relief with respect to this claim either.

Upon reconsideration, we are satisfied that Petitioner is not entitled to habeas relief on the merits of either of the issues raised in his petition. Therefore, we again **AFFIRM** the decision of the district court dismissing the petition.

Petitioner. Accordingly, Petitioner's first claim does not entitle him to relief.

Next, Petitioner contends that the trial court erred by denying defense counsel's request for a continuance in order to afford him the opportunity to examine Dr. Shaler's report and ascertain the validity of Dr. Shaler's conclusions. The trial court's decision forced defense counsel to conduct his cross-examination of Dr. Shaler only a few hours after receiving Dr. Shaler's report. On direct appeal, the Kentucky Supreme Court, noting that it was "somewhat disturbed by the trial court's refusal to grant a continuance," ultimately concluded that Petitioner was not entitled to relief on this claim. In coming to this conclusion, the Kentucky Supreme Court noted that defense counsel spoke to Dr. Shaler on the Saturday before trial, at which time Dr. Shaler "indicated his hesitancy to testify" because his tests were inconclusive, that although defense counsel was aware Dr. Shaler might testify, he made no motion for a continuance until Dr. Shaler was actually called as a witness, and, when presented with the opportunity to do so on cross-examination, defense counsel failed to question Dr. Shaler about his previously expressed doubts. *Brown*, 639 S.W.2d at 761.

As we stated in our prior decision, "'[w]hen a denial of a continuance forms the basis of a petition for a writ of habeas corpus, not only must there have been an abuse of discretion but it must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process.'" *Bennett v. Scroggy,* 793 F.2d 772, 774 (6th Cir. 1986) (quoting *Hicks v. Wainwright,* 633 F.2d 1146, 1148 (5th Cir. 1981)). Based upon the foregoing, we cannot conclude that it was objectively unreasonable for the Kentucky Supreme Court to reject Petitioner's claim. As noted *supra*, defense counsel effectively cross-examined Dr. Shaler, eliciting a number of "admissions" that could have potentially discredited Dr. Shaler's conclusions. Furthermore, when presented with the opportunity to cross-examine Dr. Shaler regarding his misgivings, defense counsel chose not to do so.

In sum, § 2254(d)(1)[1] places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 1523 (footnote added).

The Supreme Court further clarified that under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court must ask "whether the state court's application of clearly established federal law was *objectively*

---

[1] In relevant part, § 2254(d)(1) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

*unreasonable*," explaining that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 1521-22. "Rather, that application must also be unreasonable." *Id.* at 1522. Applying the "objectively unreasonable" standard announced in *Williams v. Taylor* to Petitioner's claims again leads us to the conclusion that the petition must be dismissed.[2]

In his petition for a writ of habeas corpus, Petitioner first contends that the admission of expert testimony from Dr. Shaler constituted a denial of fundamental fairness.[3] At trial, Dr. Shaler testified that blood found on Petitioner's boots was found in only 4.6 percent of the population, and could not have been the blood of Petitioner. Dr. Shaler, however, did not testify that the blood on Petitioner's boots belonged to the victim, and Dr. Shaler did not preclude the possibility that the blood could have been that of a third person.

After Petitioner's conviction, Dr. Shaler admitted in an affidavit that additional post-trial scientific research indicated that the blood found on Petitioner's boots could have come from Petitioner, and therefore, his testimony at trial was mistaken. Dr. Shaler also admitted that the scientific technique used to test the blood was novel and not commonly accepted at the time of Petitioner's trial in 1976, and that he would not have testified had he known about the problems associated with such technique at that time. Based upon Dr.

---

[2] We note that the Supreme Court's decision in *Williams v. Taylor* has no effect upon our prior rulings that the district court erred in finding the petition currently under review to be a second or successive petition, and that such petition was time-barred.

[3] A detailed description of the evidence in this case is set forth in two decisions from the Kentucky Supreme Court - *Brown v. Commonwealth*, 639 S.W.2d 758 (Ky. 1982) and *Brown v. Commonwealth*, 932 S.W.2d 359 (Ky. 1996), as well as our prior decision. For the sake of brevity, such efforts will not be repeated here.

Shaler's affidavit, Petitioner contends that the trial court improperly admitted Dr. Shaler's testimony.

As noted in our prior decision, assuming *arguendo* that the trial court did err in admitting Dr. Shaler's testimony, a violation of a state's evidentiary rule warrants habeas corpus relief only when such violation results in the denial of fundamental fairness, and concomitantly, a violation of due process. *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988). Whether the admission of prejudicial evidence constitutes a denial of fundamental fairness turns upon "whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett* v. Spears, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger, 866 F.2d 387, 390 (11th Cir. 1989)).

The Supreme Court of Kentucky twice concluded that even without Dr. Shaler's testimony, the evidence presented against Petitioner was sufficient to justify his conviction and that Petitioner had not been denied a fair trial. *See Brown v. Commonwealth*, 639 S.W.2d 758, 760 (Ky. 1982); *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996). In so concluding, the Kentucky Supreme Court noted that Dr. Shaler had been subjected to effective cross-examination, upon which defense counsel was able to elicit from Dr. Shaler that the particular method used by him was novel, that he had been accepted as an expert in only one other homicide case, that he did not know whether the blood on Petitioner's boots was the victim's or a third party's, and that he had tested with respect to only three blood antigens out of a possible twenty-three.

In light of these "admissions" on the part of Dr. Shaler, as well as the other evidence presented against Petitioner at trial, we cannot say that the Kentucky Supreme Court's decision was "objectively unreasonable." While Dr. Shaler's testimony may have been damaging to Petitioner, we cannot say that it would be objectively unreasonable for a court to determine that such evidence did not rise to the level of a crucial or critical factor in the jury's decision to convict